**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH AARON VELASQUEZ OLIVA,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03540-SHL-atc |

**ORDER TRANSFERRING CASE**

On November 10, 2026, Petitioner Joseph Aaron Velasquez Oliva filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 2.) Velasquez Oliva, a citizen of Honduras who has resided in the United States since 2021, challenges the lawfulness of his immigration-related detention. (Id. at PageID 5–7.) He seeks, among other things, immediate release or a constitutionally adequate bond hearing. (Id. at PageID 7–8.)

The Court ordered Respondent to respond on November 13, 2026, (ECF No. 6), and he did so on November 20, stating that Petitioner filed two prior Petitions for Writ of Habeas Corpus. (ECF No. 8 at PageID 44.) The first was filed on February 18, 2026, and assigned to Judge Mark S. Norris. See Joseph Velasquez Oliva v. v. Chritopher Bullock, No. 2:26-cv-02163-MSN-atc, ECF No. 1. (ECF No. 8 at PageID 53–54.) Judge Norris granted in part the Petition, ordering Respondent to provide Petitioner an individualized bond hearing within ten days, and, if no bond hearing was held within that time, release Petitioner from custody. No. 2:26-cv-02163-MSN-atc, ECF No. 14.

The second petition was filed on August 28, 2026, and assigned to Judge Brian C. Lea.

See Joseph Velasquez Oliva v. Chritopher Bullock, No. 2:26-cv-03119-BCL-cgc, ECF No. 2. Judge Lea denied the Petition for failure to exhaust remedies "by failing to seek reconsideration of the immigration judge's order denying his request for a bond and/or failing to appeal that denial to the Board of Immigration Appeals." No. 2:26-cv-03119-BCL-cgc, ECF No. 8 at PageID 74.

There is no need for a third judge to hear this matter. Given the substantial overlap in the prior proceedings and this Petition, this matter should be reassigned. Because Judge Lea heard Petitioner's most recent petition, this case should be reassigned to him. The Court therefore **DIRECTS** the Clerk to reassign this case to Judge Lea.

**IT IS SO ORDERED,** this 23rd day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE